# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES PUZA, JR., and<br>FRANCES CLEMENTS,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELEXCO LAND SERVICES, INC. and<br>SOUTHWESTERN ENERGY<br>PRODUCTION COMPANY,<br><br>    Defendants, | CIVIL ACTION NO. 3:09-CV-589<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a motion to dismiss by Defendants Elexco Land Services, Inc. ("Elexco") and Southwestern Energy Production Company ("Southwestern"). (Doc. 5.) For the reasons discussed below, this motion will be granted. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

## BACKGROUND

Plaintiffs Charles Puza, Jr. and Frances Clements are the fee simple owners, together with their sibling Irene Puza, of two parcels of real estate containing approximately 139.7 acres located in Susquehanna County, Pennsylvania. (Compl. ¶ 4.) On or about November 6, 2007, Plaintiffs signed a preprinted form oil and gas lease to Defendant Elexco. (Compl. ¶ 5.) Irene Puza, tenant in common with the Plaintiffs, did not sign the oil and gas lease. (Compl. ¶ 7.) On or about December 24, 2007, Elexco assigned this lease to Defendant Southwestern. (Compl. ¶ 8.) Plaintiff Charles Puza, Jr. also signed a similar preprinted oil and gas lease for another parcel of land owned in Susquehanna County, Pennsylvania. (Compl. ¶ 10.) This lease was likewise assigned on May 20, 2008. (Compl. ¶ 12.) Prior to

the signing of the leases, Plaintiffs spoke with Elexco's agent. (Compl. ¶ 15.) Plaintiffs relied upon statements made by the agent that "Defendant would never pay any more than $100.00 per acre so they better take the $100.00 per acre and that Plaintiffs will never get anymore." (Compl. ¶ 15.) This statement was false. (Compl. ¶ 18.) Plaintiffs were also told that if they did not sign the leases, Defendants would simply put a well on neighboring property and take Plaintiffs' gas under the "rule of capture." (Compl. ¶ 20.) Plaintiffs were told that they would receive royalties in the amount of one-eighth of the amount realized. (Compl. ¶ 21.) The leases provided for a one-eighth royalty only after deducting "post production" costs. (Compl. ¶ 22.)

Plaintiffs filed their complaint in the Pennsylvania Court of Common Pleas of Susquehanna County, Pennsylvania, on or about March 30, 2009, seeking a court order to invalidate the lease agreement with Defendants. (Doc. 3.) On March 31, 2009, Defendants removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) On February 7, 2009, Defendants filed the present motion to dismiss. (Doc. 5.) This motion has been fully briefed by both sides and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element,

2

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiffs' Complaint contains two counts. At Count I, Plaintiffs allege that the Defendants, through their agent, fraudulently induced them to enter into the lease agreement. At Count II, Plaintiffs allege that the lease agreement violates Pennsylvania law setting the statutory minimum level of royalty payments. I will consider Defendants' motion to dismiss each count seriatim.

**I.      Fraudulent Inducement**

Plaintiffs first allege that statements made by Defendant Elexco's agent were fraudulent, and that those statements induced them to enter into the lease agreement. Fraudulent inducement occurs where a contracting party made false representations which induced the complaining party to agreeing to the contract. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 205 (Pa. 2007) (citations omitted). To sufficiently allege a cause of action for fraudulent inducement, Plaintiffs must allege: (1) a false representation; (2) materiality; (3) scienter; (4) justifiable reliance; and (5) damage as a proximate result. *Piper v. Am. Nat'l Life Ins. Co.*, 228 F. Supp.2d 553, 558 (M.D. Pa 2002). Plaintiffs allege that three statements made by Defendants' agent fraudulently induced them to enter into the lease agreement: (1)

that the best price Defendants would pay was $100 per acre; (2) that without the lease, Defendants would be able to access the gas under Plaintiffs' property from adjoining properties without paying Plaintiffs; and (3) that Plaintiffs would receive a one-eighth royalty from the gas extracted. (Compl. ¶¶ 15, 20, 21.) While Plaintiffs allege false representations upon which they relied and that they suffered damage as a result, Plaintiffs complaint contains no allegations of scienter; Plaintiffs never allege that Defendants or their agents *knew* the statements were false, nor that they *recklessly disregarded* the truth. *Piper*, 228 F. Supp.2d at 558 ("scienter, which may be either actual knowledge or reckless indifference to the truth"). Because Plaintiffs' complaint fails to allege all of the necessary elements for a claim of fraudulent inducement, Defendants' motion to dismiss Count I will be granted.

## II.  Pennsylvania Royalties Statute (58 P.S. § 33)

Plaintiffs' second theory is that the lease agreement should be voided because it does not comport with the minimum royalties required by Pennsylvania law. *See* 58 P.S. § 33. Plaintiffs argue that the leases method of calculating royalties by first deducted "post production" costs from the sale price is inappropriate. The Pennsylvania Supreme Court recently addressed this exact issue in *Kilmer v. Elexco Land Services, Inc.*, No. 63 MAP 2009, 2010 Pa. LEXIS 517 (Mar. 24, 2010). The *Kilmer* Court evaluated similar lease agreement language permitting a one-eighth royalty to be calculated by first deducting "post production" costs, and held that this method is appropriate under the statute. *Kilmer*, 2010 Pa. LEXIS 517, at *30. Because this decision clearly rejects Plaintiffs' argument, Plaintiffs' claim at Count II fails to state a claim for relief. Defendants' motion to dismiss Count II will be granted.

### III. Leave to Amend

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Plaintiffs will be twenty-one (21) days to amend their claim at Count I. As to Plaintiffs' claim at Count II, however, any amendments would clearly be futile in light of the Supreme Court of Pennsylvania's affirmation of similar language in *Kilmer v. Elexco Land Services, Inc*. *Kilmer*, 2010 Pa. LEXIS 517, at *30. Therefore, Plaintiffs will be granted leave to amend Count I only. Failure to file an amended complaint will result in this case being marked as closed.

### CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss will be granted. Specifically, as to Plaintiffs' claim for fraudulent inducement, the motion will be granted because the Plaintiffs fail to allege the necessary element of scienter. As to Plaintiffs' claim under 58 P.S. § 33, the motion will be granted as Plaintiffs' interpretation was specifically rejected by the Pennsylvania Supreme Court in *Kilmer v. Elexco Services, Inc.* An appropriate order follows.

| | |
|---|---|
| May 3, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES PUZA, JR., and FRANCES CLEMENTS, | CIVIL ACTION NO. 3:09-CV-589 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| ELEXCO LAND SERVICES, INC. and SOUTHWESTERN ENERGY PRODUCTION COMPANY, | |
| Defendants, | |

## ORDER

**NOW**, this __3rd__ day of May, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendants Elexco Land Services, Inc., and Southwestern Energy Production Company's Motion to Dismiss (Doc. 5) is **GRANTED**.

(2) Plaintiffs has **TWENTY-ONE (21) DAYS** from the date of this Order to file an amended complaint. Failure to file an amended complaint will result in this case being marked as closed.

                                                        /s/ A. Richard Caputo
                                                        A. Richard Caputo
                                                        United States District Judge